UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

J.R. DAVIS COMPANY, INC.,

    Plaintiff,

v.                                                   Case No. 15-10066

JACOBSON MFG., LLC,                            HON. AVERN COHN

    Defendant.
_____/

**MEMORANDUM AND ORDER GRANTING IN PART AND DENYING IN PART
DEFENDANT'S MOTION TO DISMISS
PLAINTIFF'S FIRST AMENDED COMPLAINT (DOC. 17)[1]**

**I. INTRODUCTION**

This is a post-termination sales commission dispute case. Defendant Jacobson MFG., LLC (Jacobson) terminated Plaintiff J.R. Davis Company, Inc. (Davis) as its sales representative to Tennecco Automotive, Toyota, and AW North Carolina. Davis is suing Jacobson alleging a breach of contract and a violation of the Michigan Sales Representatives Commission Act (SRCA), M.C.L.A. § 600.2961.

The first amended complaint (Doc. 16) is in three counts, phrased by Davis as follows:

    Count I: Breach of Contract (failure to pay post-termination commission);

    Count II: Violation of Sales Representatives Commission Act, M.C.L.A. § 600.2961; and

    Count III: Declaratory Judgment (failure to pay post-termination commission).

---

[1] Although originally scheduled for hearing, upon review of the parties' papers, the Court deems this matter appropriate for decision without oral argument. See Fed. R. Civ. P. 78(b); E.D. Mich. LR 7.1(f)(2).

Now before the Court is Jacobson's motion to dismiss the first amended complaint on the grounds that the contract is silent as to post-termination commissions and Davis has failed to allege there are post-termination sales for which it was entitled to a commission (Doc. 17). [2] For the reasons that follow, the motion is GRANTED IN PART AND DENIED IN PART.

## II. BACKGROUND

### A.

Because Jacobson has filed a motion to dismiss, the facts as alleged in the first amended complaint are accepted as true and summarized below. Hensley Mfg. v. ProProde, Inc., 579 F.3d 603, 609 (2009)(citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544 at 555, 127 S.Ct. 1955 (2007)). When considering a motion to dismiss for failure to state a claim, the Court must "construe the complaint in the light most favorable to the plaintiff, accept its allegations as true, and draw all reasonable inferences in favor of the plaintiff." Directv Inc. v. Treesh, 487 F.3d 471, 476 (6th Cir. 2007).

### B.

Davis is a Michigan corporation and an independent manufacturer's sales representative agency representing principals to the automotive industry in Michigan (Doc. 16 at ¶ 1). Jacobson is a Delaware LLC and manufactures custom engineered cold form components used in the assembly of automobiles (Doc. 16 at ¶2).

On November 3, 2005, Davis and Jacobson entered into a written sales representation agreement (the Agreement) under which Davis was retained as the sales

---

[2] On August 7, 2015, Davis filed a motion for leave to file a second amended complaint (Doc. 20). The Court granted Davis' motion (Doc. 22). Davis filed its second amended complaint on August 13, 2015 (Doc. 23). However, Davis withdrew its second amended complaint the same day (Doc. 24). As such, the first amended complaint (Doc. 16) is the governing complaint before the Court.

2

representative of Jacobson and certain affiliated companies to Tenneco Automotive (Tenneco) (Doc. 16 at ¶ 5). Under the Agreement, Davis was to receive sales commissions at the rate of 5% on all new sales to Tenneco for the first three years of the life of the product, and at the rate of 3% thereafter (Doc. 16 at ¶ 5). The Agreement was later amended to include accounts such as Toyota and AW North Carolina (Doc. 16 at ¶ 6).

In regards to termination, the Agreement stated as follows:

> This agreement can be terminated by either party at any time with written notification providing notification to the other party at least thirty (30) days prior written notice of its desire to do so. In highly competitive situations, a lower commission rate may be paid based on mutual consent between Jacobson Mfg and J.R. Davis Company Inc.

(Doc. 16, Ex. A). The Agreement is silent regarding post-termination sales commissions (Doc. 16 at ¶ 7).

Between November 2005 and November 2014, Davis was successful in procuring a substantial amount of business for Jacobson from the accounts covered by the Agreement (Doc. 16 at ¶ 8).

On November 25, 2014, Jacobson sent written notice to Davis notifying it of two important changes to the Agreement (Doc. 16, Ex. B). First, effective January 1, 2015, the commission rate for sales to Tenneco would be reduced from 5% to 2% and Toyota would no longer be an account. Id. Second, the Agreement in its entirety would be terminated effective June 30, 2015. Id.

On December 20, 2014, Davis responded to Jacobson's notice. In its letter, Davis acknowledged receipt of the November 25, 2014 notification and declined to

accept the changes to the Agreement based on their "fine working relationship." (Doc. 16, Ex. C).

On January 8, 2015, Davis filed the original complaint seeking declaratory judgment to pay post-termination sales commissions (Doc. 1).

On January 14, 2015, Jacobson sent Davis a second written notice stating that the Agreement would be terminated effective February 14, 2015, 30 days from the date of the letter (Doc. 16, Ex. D).

On June 30, 2015, Davis filed a first amended complaint (Doc. 16). Davis says that Johnson breached the Agreement by failing to pay any post-termination sales commissions on shipments subsequent to the February 14, 2015 termination date, violated the Michigan Sales Representatives Commission Act (SRCA), and seeks a declaratory judgment.

### III. LEGAL STANDARD

A motion to dismiss under Fed. R. Civ. P. 12(b)(6) tests the sufficiency of the complaint. To survive a Rule 12(b)(6) motion to dismiss, the complaint's "factual allegations must be enough to raise a right to relief above the speculative level on the assumption that all of the allegations in the complaint are true." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 545 (2007). See also Ass'n of Cleveland Fire Fighters v. City of Cleveland, Ohio, 502 F.3d 545, 548 (6th Cir. 2007). The Court is "not bound to accept as true a legal conclusion couched as a factual allegation." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (internal quotation marks and citation omitted). Moreover, "[o]nly a complaint that states a plausible claim for relief survives a motion to dismiss." Id. at 679. Thus, "a court considering a motion to dismiss can choose to begin by

4

identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." Id. "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations. When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." Id. To state a valid claim, Davis must show "entitlement to relief" by filing a complaint with either "direct or inferential allegations respecting all the material elements to sustain recovery under some viable legal." LULAC v. Bredesen, 500 F.3d 523, 527 (6th Cir. 2007). In sum, "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face." Id. at 678 (internal quotation marks and citation omitted).

## IV. DISCUSSION

Jacobson seeks dismissal of Davis' first amended complaint (Doc. 16) on three grounds. The Court will address each in turn.

### A. Breach of Contract

**1.**

Jacobson's motion rests principally upon the language of the Agreement. Jacobson says that the complaint is facially defective and fails to state a claim, because the Agreement is silent as to post-termination commissions and Davis failed to allege there are post-termination sales for which it is entitled to a commission.

This argument is without merit. Davis' first amended complaint clearly includes all of the required allegations for a well-pleaded breach of contract claim. To establish a breach of contract claim, Davis must plead (1) the existence of a contract; (2) the terms

5

of the contract; (3) a breach of the contract; and (4) the breach caused injury. Webster v. Edward D. Jones & Co., L.P., 197 F.3d 815, 819 (6th Cir. 1999). The allegations in Count I of Davis' first amended complaint address each of the required elements. First, paragraphs 5 and 6 established that the parties entered into the Agreement and that the Agreement requires Jacobson to pay Davis sales commissions. Next, paragraphs 9 and 13 allege that Jacobson breached the Agreement. Finally, paragraph 14 establishes damages suffered as a result of the breach. As such, Davis sufficiently put Jacobson on notice of the breach of contract.

**2.**

Jacobson argues that Davis is not entitled to damages because the Agreement is silent regarding post-termination commissions. However, the argument lacks merit because of the applicability of the procuring cause doctrine. "Under the procuring cause doctrine, a sales representative is entitled to commissions, including post-termination commissions on sales that he generated." Pfam, Inc. v. Indiana Tube Corp., 2006 WL 3313772, *4 (E.D. Mich. Nov. 15, 2006)(citing to Reed v. Kurdziel, 352 Mich. 287, 295, 89 N.W.2d 479 (1958)). "The procuring cause doctrine is an equitable remedy to ensure that a principal does not terminate an agent to avoid paying commissions on sales that the agent procured." Bailey v. Fast Model Technologies, LLC., 2012 WL 2601882, *3 (E.D. Mich. 2012). The procuring cause doctrine applies where the governing contract is silent as to post-termination commissions. Id. (citing APJ Assoc., Inc. v. North Am. Philips, Corp., 317 F.3d 610, 616 (6th Cir. 2003)). Therefore, the terms of the contract define the scope of pre-termination commissions. Id. The plaintiff bears the burden to

establish that its efforts were the "procuring cause" of any sales on which it seeks post-termination commission. Pfam, Inc., 2006 WL 3313772, *4.

Here, the first amended complaint gives Jacobson sufficient notice that Davis seeks damages for post-termination sales commissions based on business procured under the parties' Agreement. (Doc. 16 at ¶ 8: "Plaintiff was successful in procuring a substantial amount of business for Defendant from the customers and accounts covered by the sales representation agreement." Doc. 16 at ¶ 13: "Defendant has breached the sales representation agreement by failing to pay any sales commissions to Plaintiff on shipments subsequent to February 14, 2015."). The Agreement did not expressly address post-termination commissions. There is no contract term or any other evidence that the parties intended to forego post-termination commissions. As such, Davis has the burden to establish that it was the procuring cause of any sales for which it is seeking commissions.

**3.**

In the absence of a contractual clause limiting or foreclosing post-termination commissions, there is a plausible breach of contract claim for such commissions. Davis is allowed the opportunity to present a set of facts that it was the procuring cause of the business in question. The Court will DENY Jacobson's motion for dismissal of the breach of contract claim.

### B.  Violation of the Michigan Sales Representative Commission Act

The SRCA, M.C.L. § 600.2961, states that a principal is required to pay all commissions due to a sales representative at the time of termination within forty-five days and to pay all commissions that become due after termination within forty-five days

after such commissions become due. M.C.L. § 600.2961(4). A principal who intentionally fails to comply with the SRCA is liable to the sales representative for both actual damages caused by the failure to pay the commissions when due as well as an amount equal to two times the amount of the overdue commissions or $100,000, whichever is less. M.C.L. § 600.2961(5).

Jacobson says that the Court should dismiss the breach of the SRCA count, because Davis has failed to alleged sufficient facts to support a breach of contract claim, and, therefore, did not identify an independent basis upon which commissions are due. Jacobson also asserts that the SRCA does not establish an independent basis for recovery of post-termination commissions. This argument is without merit. As noted above, Davis alleged sufficient facts to support a plausible breach of contract claim, and, therefore, established an independent basis to support its claims for damages under the SRCA. The Court will DENY Jacobson's motion for dismissal of the violation of the SRCA count.

### C. Request for Declaratory Judgment

Declaratory judgment is not a freestanding claim, but rather a form of relief. See Stroh Props. v. City of Detroit, 2013 W.L. 626478, *3 (E.D. Mich. Feb. 20, 2013)(citing Int'l Ass'n of Machinists and Aerospace Workers v. Tenn. Valley Auth., 108 F.3d 658, 668 (6th Cir.1997)). "Equitable relief is, by its nature, a remedy, rather than a cause of action." Id. Accordingly, Count III for declaratory judgment will be dismissed but declaratory judgment remains a form of available relief moving forward.

## V. CONCLUSION

For the reasons stated above, Jacobson's motion to dismiss is GRANTED IN PART AND DENIED IN PART. Davis' declaratory judgment claim is DISMISSED.

The remaining claims continue in the case as follows:

- Breach of Contract;

- Violation of the Michigan Sales Representative Commission Act.

SO ORDERED.

S/Avern Cohn<br>
AVERN COHN<br>
UNITED STATES DISTRICT JUDGE

Dated: September 22, 2015
Detroit, Michigan